```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT
```

```
GEORGE MARTIN VLAHOS           :
                               :         PRISONER
       v.                      :  Case No. 3:02CV1557 (CFD)(WIG)
                               :
CITY OF NEW HAVEN, et al.      :
```

RULING AND ORDER

On February 1, 2005, the court entered default against all defendants for failure to plead. On February 3, 2005, defendants filed a motion to set aside the default accompanied by their answer. Counsel states that he recently has been assigned this case and that the default was inadvertent in that previous counsel was carrying a heavy caseload.

The Second Circuit has expressed its preference that cases be decided on the merits, see, e.g., Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993), rather than by default which should be used "only in extreme situations." Jackson v. City of New York, 22 F.3d 71, 75 (2d Cir. 1994) (citations and internal quotation marks omitted). In ruling on a motion to set aside a default, the Second Circuit directs the district court to consider whether the default was willful, whether the defendants have a valid defense to the claims and whether the plaintiff has been prejudiced by the default. See SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998).

The court concludes that previous counsel's actions were not

willful.  In addition, the court can discern no prejudice to plaintiff from the failure to plead.  In the two years since the original appearance was filed, plaintiff has not taken any action with regard to this case and has not contacted the court to inquire about the status of the case.

Accordingly, defendants' motion to set aside default [**doc. #15**] is **GRANTED**.  The Clerk is directed to docket defendants' answer.

To ensure that this case proceeds in a timely manner, the court enters the following scheduling order:

1. All discovery shall be completed within **90** days from the date of this order.

2. Any motion for summary judgment shall be filed within **120** days from the date of this order, with a response filed within **21** days after the date the motion is filed.

3. If no motion for summary judgment is filed within **120** days, the court will schedule this case for trial.

This case has been pending for over two years.  Although this circumstance is not the fault of current counsel, the court advises all parties that the deadlines established in this order will not be extended absent a showing of good cause.

**SO ORDERED**  this ____9th____ day of February, 2005, at Bridgeport, Connecticut.

```
                          _____/s/_____
                          WILLIAM I. GARFINKEL
                          UNITED STATES MAGISTRATE JUDGE
```