UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **GEORGE MARTIN VLAHOS, JR.** | : | |
| Plaintiff | : | NO. 3:02CV01557 (CFD) |
| | | |
| **VS.** | : | |
| | | |
| **CITY OF NEW HAVEN, ET AL.** | : | FEBRUARY 3, 2005 |
| Defendants | | |

## ANSWER AND AFFIRMATIVE DEFENSES
## ANSWER

**A.   PARTIES**

**George Martin Vlahos, Jr.**  As to the allegations regarding the citizenship and residence of the plaintiff George Martin Vlahos, Jr., the defendants are currently without knowledge or information sufficient to form a belief and accordingly leave plaintiff to his proof.

**Defendant Edwardo Diaz.**  The defendants admit the allegations that defendant Edwardo Diaz (1) is a citizen of Connecticut, (2) is employed by the New Haven Department of Police Services, One Union Avenue, New Haven, Connecticut 06519, (3) was employed as a New Haven Police Officer at the time of the incidents alleged in the lawsuit, and (4) was acting under color of law at the time of the incidents alleged in the complaint.  The remaining allegations are denied.

**Defendant Rose Turney.**  The defendants admit the allegations that defendant Rose Turney (1) is a citizen of Connecticut, (2) is employed by the New Haven Department of Police Services, One Union Avenue, New Haven, Connecticut 06519, (3) was employed as a New Haven Police Officer at the time

of the incidents alleged in the lawsuit, and (4) was acting under color of law at the time of the incidents alleged in the complaint. The remaining allegations are denied.

**Defendant Steve Teague.** The defendants admit the allegations that defendant Steve Teague (1) is a citizen of Connecticut, (2) is employed by the New Haven Department of Police Services, One Union Avenue, New Haven, Connecticut 06519, (3) was employed as a New Haven Police Officer at the time of the incidents alleged in the lawsuit, and (4) was acting under color of law at the time of the incidents alleged in the complaint. The remaining allegations are denied.

**Defendant City of New Haven.** The allegations as to the defendant City of New Haven are denied.

**Defendant New Haven Police Department.** The allegations as to the defendant New Haven Police Department are denied, said department being an agency of the City of New Haven but not authorized to sue or be sued in its own name.

**B.    JURISDICTION**

1. Denied.
2. Denied.
3. Denied.

**C.    NATURE OF THE CASE**

Admitted that the Complaint purports to allege that the nature of the case includes racial profiling, illegal searches and harassment by the individual

officers, and that it further purports to allege that supervisors are aware of the alleged violations and sometimes participate in such violation by failing to stop the alleged violations, all allegedly in violation of the Fourth Amendment to the Constitution of the United States.

In all other respects the allegations of the Nature of the Case, and in particular the substance of the allegations, are denied.

**D.    CLAIMS**

**CLAIM 1.**

The allegations set forth in Claim 1 are denied.

**CLAIM 2.**

The allegations set forth in Claim 2 are denied.

**CLAIM 3.**

The allegations set forth in Claim 3 are denied.

**CLAIM 4.**

The allegations set forth in Claim 4 are denied.

**CLAIM 5.**

The allegations set forth in Claim 5 are denied.

**CLAIM 6.**

The allegations set forth in Claim 6 are denied.

**E.    PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF**

As to the allegations set forth in Paragraph E, the defendants are without knowledge or information sufficient to form a belief and accordingly leave plaintiff to his proof.

**F.    PREVIOUSLY DISMISSED ACTIONS OR APPEALS**

As to the allegations set forth in Paragraph F, the defendants are without knowledge or information sufficient to form a belief and accordingly leave plaintiff to his proof.

**G.    CLAIMS FOR RELIEF**

The claims for relief set forth in Paragraph G are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

At all relevant times the individual defendants were acting within the scope of their duties under the law and their conduct was reasonable and in good faith and did not violate clearly established statutory or constitutional rights of which a reasonable person would have known, and they are therefore qualifiedly immune from trial and from liability for damages herein.

### Third Affirmative Defense

The defendants asserts their common law and statutory immunities from liability for any acts or omissions alleged to have violated the laws of the State of Connecticut.

### Fourth Affirmative Defense.

The Court should decline to exercise its pendent or supplementary authority to entertain any violations of laws of the State of Connecticut alleged to have occurred.

### Fifth Affirmative Defense

Some or all of the claims set forth in the Complaint are barred by the doctrine of res judicata.

### Sixth Affirmative Defense

Some or all of the claims set forth in the Complaint are barred by the doctrine of collateral estoppel.

Respectfully submitted,

/s/_____
Rodger W. Lehr, Jr.
Deputy Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
Phone: (203) 946-7964
Fax: (203) 946-7942
Fed. Bar No. ct007208

**Certificate of Service**

I, Rodger W. Lehr, Jr. hereby certify that I have served the foregoing by causing a copy to be MAILED, POSTAGE PREPAID, CERTIFIED, RETURN RECEIPT, to George Vlahos, Pro Se, Osborne Correctional Institution, 100 Bilton Road, PO Box 100, Somers, CT 06071 on February 3, 2005.

/s/_____
Rodger W. Lehr, Jr.