```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

GEORGE MARTIN VLAHOS          :
                              :           PRISONER
     v.                       :  Case No. 3:02CV1557 (CFD)(WIG)
                              :
CITY OF NEW HAVEN, et al.     :
```

RULING AND ORDER

Plaintiff has filed motions seeking to postpone his deposition and to compel defendants to answer the written deposition questions submitted with his complaint. For the reasons that follow, both motions are denied without prejudice.

Plaintiff states that he was scheduled to be deposed on April 15, 2005. Although his motion seeking to postpone the deposition is dated April 8, 2005, it did not reach the court until April 14, 2005, and was not entered on the docket until April 18, 2005. Thus, the court was not aware of plaintiff's motion until after the date of the deposition has passed. Accordingly, plaintiff's motion [**doc. #18**] is **DENIED** without prejudice as moot.

Plaintiff also asks the court to order defendants to respond to written deposition questions he served with his complaint.

Rule 37, D. Conn. L. Civ. R., provides in relevant part:

> No motion pursuant to Rules 26 through 37, Fed. R. Civ. P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution.

The purpose of this rule is to encourage the parties to make a good faith effort to resolve the dispute without the intervention of the court.  See Getschmann v. James River Paper Co., Inc., No. 5:92cv163 (WWE), slip op. at 2 (D. Conn. Jan. 14, 1993) (court should not "become unnecessarily involved in disputes that can and should be resolved by the parties").  In addition, Local Rule 37(a)3 requires that any discovery motion be accompanied by a memorandum of law "contain[ing] a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed."  Copies of the discovery requests must be included as exhibits.

Plaintiff does not indicate in his motion that he has contacted defendants' attorney and made a good faith effort to resolve these matters.  In addition, plaintiff has not attached copies of his discovery requests or submitted a memorandum indicating the relevance of each disputed item as required by Rule 37(a)3.  Thus, plaintiff's motion [doc. **#19**] is **DENIED** without prejudice.

**SO ORDERED**  this   9th   day of May, 2005, at Bridgeport, Connecticut.

   /s/ William I. Garfinkel   
WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE